# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Randall T. Drain Sr. <u>Debtor</u> | CHAPTER 13 |
| Toyota Lease Trust <u>Movant</u> vs. | NO. 18-11845 ELF |
| Randall T. Drain Sr. <u>Debtor(s)</u> | |
| William C. Miller Esq. <u>Trustee</u> | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is $1,300.32, which breaks down as follows:

Post-Petition Payments:    July 25, 2018 to September 25, 2018 at $464.40/month
Suspense Balance:          $92.88
Total Post-Petition Arrears: $1,300.32

2. The Debtor(s) shall cure said arrearages in the following manner;

   a). Beginning on October 25, 2018 and continuing through March 25, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of $464.40 on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the twenty-fifth (25th) day of each month, plus an installment payment of $216.72 towards the arrearages on or before the last day of each month at the address below:

   TMCC
   P.O. Box 5855
   Carol Stream, IL 60197-5855

   b). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in

writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 9, 2018           By: /s/ Kevin G. McDonald, Esquire
                                    Attorney for Movant

Date: 10/22/18                  _____    Randall Drain
                                Michael A. Cibik, Esquire    Randall DRAIN
                                Attorney for Debtor

Date: 10/22/18                  _____    NO OBJECTION
                                William C. Miller, Esquire   *without prejudice to any
                                Chapter 13 Trustee           trustee rights or remedies.

Approved by the Court this ____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

                                _____
                                Bankruptcy Judge
                                Eric L. Frank

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Randall T. Drain Sr. <br>     <u>Debtor</u> | CHAPTER 13 |
| Toyota Lease Trust <br>     <u>Movant</u> <br> vs. | NO. 18-11845 ELF |
| Randall T. Drain Sr. <br>     <u>Debtor(s)</u> | |
| William C. Miller Esq. <br>     <u>Trustee</u> | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$1,300.32,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 25, 2018 to September 25, 2018 at $464.40/month |
| Suspense Balance: | $92.88 |
| **Total Post-Petition Arrears** | **$1,300.32** |

2. The Debtor(s) shall cure said arrearages in the following manner;

    a). Beginning on October 25, 2018 and continuing through March 25, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$464.40** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the twenty-fifth (25th) day of each month, plus an installment payment of **$216.72** towards the arrearages on or before the last day of each month at the address below;

**TMCC**
P.O. Box 5855
Carol Stream, IL 60197-5855

    b). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in

writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

      5.     The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

      6.     If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

      7.     If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

      8.     The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

      9.     The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 9, 2018            By: */s/ Kevin G. McDonald, Esquire*
                                                        Attorney for Movant

Date:_____

                                                        Michael A. Cibik, Esquire
                                                        Attorney for Debtor

Date:_____

                                                        William C. Miller, Esquire
                                                        Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

                                                        Bankruptcy Judge
                                                        Eric L. Frank