# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Randall T. Drain Sr.<br>    Debtor<br><br>Toyota Lease Trust<br>    Movant<br>    vs.<br><br>Randall T. Drain Sr.<br>    Debtor(s)<br><br>William C. Miller Esq.<br>    Trustee | CHAPTER 13<br><br>NO. 18-11845 ELF<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.  The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is $1,300.32, which breaks down as follows:

Post Petition Payments:       July 25, 2018 to September 25, 2018 at $464.40/month.
Suspense Balance:             $92.88
Total Post-Petition Arrears:  $1,300.32

2.  The Debtor(s) shall cure said arrearages in the following manner:

    a). Beginning on October 25, 2018 and continuing through March 25, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of $464.40 on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the twenty-fifth (25th) day of each month, plus an installment payment of $216.72 towards the arrearages on or before the last day of each month at the address below:

    TMCC
    P.O. Box 5855
    Carol Stream, IL 60197-5855

    b). Maintenance of current monthly vehicle payments to the Movant thereafter.

3.  Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.  In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in

Oct. 19. 2018 3:09PM                                                                     No. 2894  P. 2/2

writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 9, 2018          By: /s/ Kevin G. McDonald, Esquire
                                   Attorney for Movant

Date: 10/22/18                                                          Randall Drain
                                   Michael A. Cibik, Esquire            Randall Drain
                                   Attorney for Debtor

Date: 10/22/18                     
                                   William C. Miller, Esquire           NO OBJECTION
                                   Chapter 13 Trustee                   *without prejudice to any
                                                                         trustee rights or remedies.

Approved by the Court this ____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

                                   _____
                                   Bankruptcy Judge
                                   Eric L. Frank

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Randall T. Drain Sr. <br> _Debtor_ | CHAPTER 13 |
| Toyota Lease Trust <br> _Movant_ <br> vs. | NO. 18-11845 ELF |
| Randall T. Drain Sr. <br> _Debtor(s)_ | |
| William C. Miller Esq. <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.  The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$1,300.32,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 25, 2018 to September 25, 2018 at $464.40/month |
| Suspense Balance: | $92.88 |
| **Total Post-Petition Arrears** | **$1,300.32** |

2.  The Debtor(s) shall cure said arrearages in the following manner;

    a). Beginning on October 25, 2018 and continuing through March 25, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$464.40** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the twenty-fifth (25th) day of each month, plus an installment payment of **$216.72** towards the arrearages on or before the last day of each month at the address below;

    **TMCC**
    P.O. Box 5855
    Carol Stream, IL 60197-5855

    b). Maintenance of current monthly vehicle payments to the Movant thereafter.

3.  Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.  In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in

writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 9, 2018               By: */s/ Kevin G. McDonald, Esquire*
                                           Attorney for Movant

Date:_____                  _____
                                      Michael A. Cibik, Esquire
                                      Attorney for Debtor

Date:_____                  _____
                                      William C. Miller, Esquire
                                      Chapter 13 Trustee

Approved by the Court this  25th  day of  October , 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank