United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Randall T. Drain, Sr.
    Debtor

Case No. 18-11845-elf
Chapter 13

# CERTIFICATE OF NOTICE

| | | | |
|---|---|---|---|
| District/off: 0313-2 | User: Randi<br>Form ID: pdf900 | Page 1 of 1<br>Total Noticed: 1 | Date Rcvd: Oct 25, 2018 |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 27, 2018.
db    +Randall T. Drain, Sr.,   2308 W. Cumberland Street,   Philadelphia, PA 19132-4118

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.   TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 27, 2018    Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 25, 2018 at the address(es) listed below:
    CHRISTOPHER R. MOMJIAN   on behalf of Creditor   Commonwealth of Pennsylvania, Department of Revenue crmomjian@attorneygeneral.gov
    KEVIN G. MCDONALD   on behalf of Creditor   Toyota Lease Trust bkgroup@kmllawgroup.com
    MATTHEW CHRISTIAN WALDT   on behalf of Creditor   MATRIX FINANCIAL SERVICES CORPORATION mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com
    MICHAEL A. CATALDO2   on behalf of Debtor Randall T. Drain, Sr. ecf@ccpclaw.com, igotnotices@ccpclaw.com
    MICHAEL A. CIBIK2   on behalf of Debtor Randall T. Drain, Sr. ecf@ccpclaw.com, igotnotices@ccpclaw.com
    PAMELA ELCHERT THURMOND   on behalf of Creditor   City of Philadelphia pamela.thurmond@phila.gov, karena.blaylock@phila.gov
    United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
    WILLIAM C. MILLER, Esq.   on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com, philaecf@gmail.com
    WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com, philaecf@gmail.com
    TOTAL: 9

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Randall T. Drain Sr. _Debtor_ | CHAPTER 13 |
| Toyota Lease Trust _Movant_ vs. Randall T. Drain Sr. _Debtor(s)_ William C. Miller Esq. _Trustee_ | NO. 18-11845 ELF 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is $1,300.32, which breaks down as follows:

Post-Petition Payments:    July 25, 2018 to September 25, 2018 at $464.40/month
Suspense Balance           $92.88
Total Post-Petition Arrears  $1,300.32

2. The Debtor(s) shall cure said arrearages in the following manner:

   a). Beginning on October 25, 2018 and continuing through March 25, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of $464.40 on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the twenty-fifth (25th) day of each month, plus an installment payment of $216.72 towards the arrearages on or before the last day of each month at the address below:

   TMCC
   P.O. Box 5855
   Carol Stream, IL 60197-5855

   b). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in

Oct. 19. 2018  3:09PM                                                                 No. 2894   P. 2/2

writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:  October 9, 2018               By: /s/ Kevin G. McDonald, Esquire
                                         Attorney for Movant

Date: 10/22/18                       _____  x  Randall Drain
                                     Michael A. Cibik, Esquire    Randall DRAIN
                                     Attorney for Debtor

Date: 10/22/18                       _____
                                     William C. Miller, Esquire
                                     Chapter 13 Trustee         NO OBJECTION
                                                                *without prejudice to any
                                                                trustee rights or remedies.

Approved by the Court this ____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

                                     _____
                                     Bankruptcy Judge
                                     Eric L. Frank

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Randall T. Drain Sr. <br> _Debtor_ | CHAPTER 13 |
| Toyota Lease Trust <br> _Movant_ <br> vs. | NO. 18-11845 ELF |
| Randall T. Drain Sr. <br> _Debtor(s)_ | |
| William C. Miller Esq. <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$1,300.32,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 25, 2018 to September 25, 2018 at $464.40/month |
| Suspense Balance: | $92.88 |
| **Total Post-Petition Arrears** | **$1,300.32** |

2. The Debtor(s) shall cure said arrearages in the following manner;

    a). Beginning on October 25, 2018 and continuing through March 25, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$464.40** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the twenty-fifth (25th) day of each month, plus an installment payment of **$216.72** towards the arrearages on or before the last day of each month at the address below;

    **TMCC**
    P.O. Box 5855
    Carol Stream, IL 60197-5855

    b). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in

writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 9, 2018                          By: /s/ Kevin G. McDonald, Esquire
                                                     Attorney for Movant

Date:_____                     _____
                                                 Michael A. Cibik, Esquire
                                                 Attorney for Debtor

Date:_____                     _____
                                                 William C. Miller, Esquire
                                                 Chapter 13 Trustee

Approved by the Court this  25th  day of   October   , 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank